HUGH D. CORRIGAN, Appellant, *v.* EDWIN H. REIBER, Respondent, Impleaded with TENA P. CROWDER and Another, Defendants.

Fourth Department, May 25, 1932.

*Wile, Oviatt & Gilman* [*J. Emmett O'Brien* of counsel], for the appellant.

*Marsh & Van Duser* [*Philip M. Liebschutz* of counsel], for the respondent.

CROSBY, J. This is an appeal from a judgment entered on a nonsuit as to defendant Reiber. Plaintiff was driving his car about seventy-five feet behind defendant Reiber and about the same distance ahead of defendant Crowder. All three were traveling about thirty-five miles an hour. The pavement was eighteen feet wide. There is proof that Reiber was driving with the left wheels of his car to the left of the center of the highway and suddenly, and without any warning whatsoever, stopped his car in such a position that it was still occupying a portion of the left side of the road. He was confronted with no emergency, but stopped to pick up a pedestrian. Negligence of Reiber is claimed in two respects: (1) That, unconfronted by any emergency, he stopped without warning to those behind him (Vehicle and Traffic Law, § 83), and (2) that he stopped near the middle of the road in a manner to impede and embarrass traffic coming from behind. Plaintiff presented evidence from which a jury could have found Reiber negligent in both particulars. When plaintiff became aware that Reiber was stopping, he applied brakes to his car and succeeded in stopping three feet short of reaching Reiber's car. He also turned to the left with a view to passing but, as measurements afterward proved, he had only six and one-half feet between Reiber's car and the abutment of a bridge in which to pass, and so he did not try to pass. Almost immediately after plaintiff's car stopped it was violently struck in the rear by Crowder's car and propelled past Reiber's car, taking a hub cap off the left side thereof.

Even though Reiber violated the rules of the road in stopping his car where he did, and in the manner he did, still no harm would have come to plaintiff but for Crowder's striking plaintiff's car. But the jury could have found, from all the facts and circumstances of the case, that Crowder was confronted with the same sudden emergency, not of his own making, that had immediately theretofore confronted plaintiff. It cannot be said, as a matter of law, that Crowder was guilty of a subsequent and independent act of negligence such as to relieve Reiber of the charge of acts of negligence that contributed to plaintiff's injury. Nor can it be said, as a matter of law, that plaintiff was guilty of contributory negligence. Reiber's motion for nonsuit was improperly granted, and the judgment in his favor should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur, except EDGCOMB, J., who dissents and votes for affirmance.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.